UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MATHEW MIGHELL,

                Plaintiff,

v.

SNOHOMISH COUNTY SHERIFF, *et al.*,

                Defendants.

Case No. C17-0052-RAJ-MAT

REPORT AND RECOMMENDATION

This is a civil rights action filed under 42 U.S.C. § 1983. Plaintiff Mathew Mighell, who is proceeding *pro se* and *in forma pauperis*, filed this action in January 2017 while he was confined at the Snohomish County Jail ("the Jail") in Everett, Washington. (*See* Dkt. 1.) Plaintiff alleged in his complaint that counselors at the Jail had denied him his right to access the courts. (Dkt. 1-1 at 3.) More specifically, plaintiff asserted that Ms. Anne, a counselor at the Jail, intercepted and opened his legal mail, and also advised him that he was not to contact the Everett District Court. (*Id*.) Plaintiff further asserted that a letter he attempted to send to the Everett District Court was intercepted and destroyed, and that he was advised he would be "written up" if he wrote to the court again. (*Id*.) Plaintiff named as defendants in his complaint Snohomish County, the Snohomish County Sheriff, the Snohomish County Jail, and Snohomish County Jail Counselors

REPORT AND RECOMMENDATION - 1

Anne and McQueen.  (*See* Dkt. 1-1 at 1.)

On January 27, 2017, this Court issued Orders granting plaintiff leave to proceed *in forma pauperis*, denying his request for appointment of counsel, and declining to serve his complaint and granting him leave to amend.  (*See* Dkts. 4, 7 and 8.)  In the Order declining to serve plaintiff's complaint, the Court advised plaintiff that his claims against four of the five named defendants were deficient and explained the specific nature of those deficiencies.  (*See* Dkt. 8.)  Plaintiff was granted thirty days within which to file an amended complaint correcting the noted deficiencies, and was advised that his failure to timely amend would result in a recommendation that this action be dismissed.  (*See id.*)

Copies of the three Orders were sent to plaintiff at both the jail and an alternate address provided by plaintiff in materials submitted with his complaint.  The copies sent to plaintiff at the Jail were returned to the Court with a notation indicating that plaintiff had been released from custody.  (*See* Dkt. 9.)  The copies sent to plaintiff at the alternate address were not returned to the Court, suggesting that plaintiff likely received those copies.  However, plaintiff never submitted an amended complaint to the Court for review.

Rather than recommend outright dismissal of this action based upon plaintiff's failure to amend his complaint, this Court deemed it appropriate to first inquire of plaintiff whether he intended to proceed with action.  Accordingly, on May 9, 2017, the Court issued an Order directing plaintiff to show cause within thirty days why this action should not be dismissed for failure to prosecute. (Dkt. 10.)  The Court also provided plaintiff two additional alternative options; *i.e.*, he could file an amended complaint within the thirty day period curing the deficiencies previously identified by the Court, or he could ask that his deficient claims be dismissed and that the Court serve his original complaint on the lone defendant against whom he had arguably presented a claim

REPORT AND RECOMMENDATION - 2

sufficient to warrant service. (*See* Dkt. 10 at 2-3.) To date, plaintiff has not responded in any fashion to the Order to Show Cause.

Given plaintiff's failure to respond to the Order to Show Cause, this Court presumes that plaintiff does not intend to proceed with this action. The Court therefore recommends that the instant action be dismissed, without prejudice, for failure to prosecute. A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **July 14, 2017**.

DATED this 16th day of June, 2017.

Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3